UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Docket No. 1:21-cr-10046-RGS |
| ) | |
| ROOSEVELT FERNANDEZ, ) | |
| ) | |
| Defendant ) | |
| ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America submits this sentencing memorandum for the limited purpose of responding to Defendant's objections to the calculations of the U.S. Sentencing Guidelines (the "USSG") by the U.S. Probation Office ("USPO"). Specifically, the United States submits that (a) USPO was correct to apply a two-point enhancement pursuant to USSG § 3B1.3 because Defendant "used a special skill, in a manner that significantly facilitated the commission or concealment of the offense" in his position as a tax preparer and (b) USPO was correct to apply one criminal history point for Defendant's 2013 New York state conviction as per USSG §§ 4A1.1(c). The United States agrees with the calculation of the Guideline Sentencing Range ("GSR") as set forth in the Presentence Investigative Report dated May 4, 2020 (the "PSR"), and incorporates by reference USPO's responses to Defendant's objections as set forth in the PSR.

**Case Background**

Prior to his conduct in this case, Defendant was employed full-time as a tax preparer with H&T Tax Services for more than a decade. PSR ¶ 86. While at H&T, Defendant portrayed himself to clients as a knowledgeable and experienced tax return preparer. *Id.* ¶ 41. At least as

far back as 2018, Defendant operated Soluciones Multi Service, a tax preparation business located in Salem, Massachusetts.  *Id*. ¶ 9.   Initially, the Defendant provided legitimate services to his customers whereby he prepared and filed their tax returns. *Id*.   Subsequently, however, the Defendant used the personal identifying information of certain taxpayers to prepare and file fraudulent federal and state tax returns on the taxpayers' behalf without their knowledge.  *Id*. ¶ 10.   On the fraudulent tax returns, the Defendant falsely claimed that the taxpayers were entitled to large refunds and attached fraudulent W-2s as support.  *Id*. ¶ 11.   Based on these fraudulent tax returns, the Internal Revenue Service and the Massachusetts Department of Revenue generated numerous refund checks, which the Defendant then deposited in a business bank account associated with his tax preparation business. *Id*. ¶ 12.

In addition to obtaining fraudulent tax refunds, Defendant also obtained and deposited a fraudulent Economic Income Payments stimulus check, and also submitted fraudulent applications for 10 Small Business Administration Economic Injury Disaster Loans.  *Id*. ¶¶ 16, 18.[1]   In total, Defendant obtained approximately $350,000 in fraudulent proceeds.

### The Court Should Overrule Defendant's Objection to his Offense Level

The Court should overrule Defendant's objection to the inclusion of a two-level increase in his offense level pursuant to § 3B1.3, as the Defendant abused his position and special skill as a tax preparer to commit the fraudulent scheme alleged in Count One.   This two-level enhancement applies "[i]f the defendant abused a position of public or private trust, or used a

---

[1] Count One of the Superseding Information alleges a wire fraud scheme relating to Defendant's fraudulent use of taxpayer information to seek tax refunds and stimulus funds to which he was not entitled.   Count Three of the Superseding Information alleges a wire fraud scheme relating to Defendant's fraudulent applications for Small Business Administration loans.   Defendant has pleaded guilty to both of these wire fraud counts, as well as a count of aggravated identity theft (Count Two).

special skill, in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3. *See also United States v. Prochner*, 417 F.3d 54, 60 (1st Cir. 2005). A special skill is "a skill not possessed by members of the general public and usually requiring substantial education, training or licensing." *See* USSG § 3B1.3, Application Note 4. Even if a defendant lacks specialized education or licensing, "a special skill can be derived from experience or from self-tutelage." *United States v. Noah*, 130 F.3d 490, 499 (1st Cir. 1997).

There is First Circuit precedent for applying this two-point enhancement to a professional tax preparer who – like the Defendant – prepares and files tax returns. *Id*. The Defendant "need not necessarily have formal education or training in order to be found to possess a special skill." *Prochner*, 417 F.3d at 61. Application of the enhancement does not depend on the complexity of the task to be performed. *Noah*, 130 F.3d 490 at 500 (a "skill can be special even though the activity to which the skill is applied is mundane"). *See also United States v. Fritzson*, 979 F.2d 21, 22 (2d Cir. 1992) (the "special skill" of a self-taught tax return preparer does not differ from a formally trained accountant for the purposes of § 3B1.3). Given the Defendant's long history of employment as a tax preparer, he possessed a significant degree of skill and knowledge, and used this to commit the scheme alleged in Count One. This enhancement thereby applies.

Moreover, even if the Court were to determine that Defendant did not possess and use a special skill, the § 3B1.1 enhancement should still apply given that Defendant abused a position of trust in his role as the operator of Soluciones Multi Service. In this role, Defendant exercised wide discretion in preparing and filing of tax returns by that organization, and maintained sole control over the business bank account utilized to receive the fraudulent proceeds of the tax

return scheme.[2]   Furthermore, the § 3B1.1 enhancement would apply even if Defendant did not exercise sufficient discretion, given that he used his role as operator of Soluciones Multi Service to obtain and use without authority taxpayers' means of identification.   See USSG § 3B1.3, Application Note 2(B).

### The Court Should Overrule Defendant's Objection to his Criminal History

The Defendant has challenged the inclusion of one criminal history point arising from his 2013 New York state conviction, without articulating why this conviction should not score.   As set forth in the PSR, Defendant was convicted on March 24, 2013 of Operating a Motor Vehicle Under the Influence of Alcohol.   PSR ¶ 42.   This was a one-year conditional discharge, lasting until March 31, 2014.   Such a conviction and conditional discharge constitutes a prior sentence that is countable pursuant to USSG § 4A1.1.   *See, e.g., United States v. Otero*, No. 09-Cr. 1060-01 (SDNY, April 11, 2011) (the defendant's prior conditional discharge sentences on New York state charges warranted criminal history points per § 4A1.1); *United States v. Joseph*, No. 17-cr-314 (SDNY, November 22, 2019).   *See also* USSG § 4A1.2(f); *United States v. Ramirez*, 421 F.3d 159 (2005) (upholding finding that a New York conditional discharge is the equivalent of a one-year sentence of probation under § 4A1.2(c)).   As such, the fact of Defendant's conviction should result in the inclusion of one additional point in his criminal history calculation.

---

[2] Central to determining whether an employee occupies a position of trust in his or her occupation is assessing the level of discretion conferred on that employee.   *See United States v. Sicher*, 576 F.3d 64, 73 (1st Cir. 2009) (citing *United States v. Tiojanco*, 286 F.3d 1019, 1021-22 (7th Cir. 2002) to illustrate that a hotel clerk who handles telephone calls from guests with disputed credit card charges adequately occupies a position of power where the enhancement applies).   *See also U.S. v. Chanthaseng*, 274 F.3d 586, 586 (1st Cir. 2001) ("[First Circuit cases] have made clear that a 'position of trust,' for the purposes of section 3B1.3, is 'characterized by professional or managerial discretion.'").

**Conclusion**

For the foregoing reasons, the Court should overrule the Defendant's objections and adopt the GSR calculations set forth in the PSR.

Respectfully submitted,

RACHAEL S. ROLLINS
UNITED STATES ATTORNEY

By:/s/   William F. Abely
WILLIAM F. ABELY
 Assistant U.S. Attorney
William.abely@usdoj.gov

Date: May 4, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be filed via ECF and thereby transmitted to all counsel of record, and that a copy will also be sent via email to U.S. Probation.

/s/   William F. Abely
WILLIAM F. ABELY
Assistant U.S. Attorney

Date: May 4, 2022