UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                )<br>)   Docket No. 1:21-cr-10046-RGS<br>ROOSEVELT FERNANDEZ     )<br>)<br>Defendant.           )<br>) | |

## SENTENCING MEMORANDUM

Roosevelt Fernandez is a 42 year old married father of four. Mr. Fernandez has three biological children: Isabel Fernandez (age 13), Veronica Fernandez (age 13), Isaiah Fernandez (age 17). He also has a step-daughter, Princess Barades, 18 years old, who resides with Mr. Fernandez and his wife, Rosario Fernandez. "While the Defendant is not Princess' biological father he raised her like his own." See Presentence Investigative Report dated May 4, 2020 (the "PSR) at ¶ 63.

The PSR notes that probation contacted Rosario Fernandez, who "generally verified the defendant's account of his personal history and described him as a good person with a very good heart." She further stated that "she knows he is deeply remorseful for his mistakes and he regrets committing the instant offense deeply." Id. at ¶ 64. Mrs. Fernandez believes that Mr. Fernandez is a good father and she believes that his motivations have always been to provide for his children." Id. She is, however, concerned that he is "becoming depressed due to the instant prosecution and has increased his consumption of alcohol as a coping mechanism." Id.

Mr. Fernandez was in a relationship with Nisaly Tavarez for a number of years and their relationship produced two children. They enjoy an amicable coparenting relationship with their

two children. Id. at ¶ 67.  Isaiah suffers from severe epilepsy. Id. at ¶ 68 and 69.  Mr. Fernandez is an involved parent and has maintained a close relationship with all his children and has no outstanding child support orders. Id. at ¶ 72 and 73.

Mr. Fernandez "accepts responsibility for his conduct," "realizes that it was wrong" and "understands that he has to face consequences for his actions." Id. at ¶ 78.

## A SENTENCE BELOW THE ADVISORY GUIDLINE RANGE IS CONSISTENT WITH THE FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a)

The federal sentencing statute, see Sentencing Reform Act of 1984 (Sentencing Act), as amended, 18 USC § 3551 *et seq.,* [18 USCS §§ 3551 *et seq.*], 28 USC § 991 *et seq. [28 USCS §§ 991et seq.*], makes the Guidelines advisory. It requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a). *United States v. Booker*, 543 U.S. 220, 245-246.

18 U.S.C.S. § 3553(a) directs a sentencing court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the U.S. Sentencing Guidelines; (5) any pertinent policy statement in the U.S. Sentencing Guidelines; (6) the need to

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

      Mr. Fernandez will receive a significant term of incarceration for his conduct, of that there can be no question.  Additionally, it is recognized and accepted that he has engaged in similar conduct in the past.   Mr. Fernandez accepts fully and appreciates the seriousness of his conduct.  He is however requesting that his sentence be below the advisory guideline range. Specifically, Mr. Fernandez seeks a 48 month term of incarceration.  This sentence is substantial and will certainly afford adequate deterrence to criminal conduct and reflects the seriousness of the offense, respect for law, and is just under these facts.  Mr. Fernandez has a newfound appreciation for where this conduct leads and has expressed sincere remorse as evidenced by his immediate acceptance of responsibility.

      Mr. Fernandez's son Isaiah has significant learning disabilities and suffers severe brain seizures.  Isaiah, almost 17 years old, , has the mental capacity of an 11 year old child.  This is a direct result of his seizures.  He currently has between 15 and 20 small seizures a day and requires medication twice a day to control them and minimize their effects.  He has been hospitalized on multiple occasions for these episodes.  Mr. Fernandez has assisted substantially with Isaiah's healthcare needs.   Mr. Fernandez committed the instant offense when he was depressed at his inability to find employment as a convicted felon.  He was feeling extreme pressure to provide for his family and made the terrible self-destructive decision to engage in this deceit. Mr. Fernandez will be missing a large portion of his children's lives and wants to limit his absence from them to the extent possible.

His actions were not sophisticated, as a lay person would understand that term, as he used information he already possessed to perpetuate the scheme. His actions were desperate, and he understands that those actions will put him in prison for quite some time. Mr. Fernandez also fully understands that there is no future in engaging in this type of activity, as it has already taken away so much of his life, and soon to be time from his family. In this regard, any term of imprisonment will deter him from future criminal conduct, thereby protecting the public from future offenses by Mr. Fernandez.

Additionally, there are no individual citizen victims with monetary loss in this case. Restitution is ordered to the government, as the victims of this case are the IRS, Massachusetts DOR, and the SBA.

For these reasons Mr. Fernandez respectfully requests a 48 month term of incarceration. Mr. Fernandez also requests judicial recommendation to the RDAP Program to help him deal with and prevent future excessive alcohol consumption.

ROOSEVELT FERNANDEZ
By his attorney,

*D. Scott Dullea*
D. Scott Dullea
BBO# 670416
DDSK Law
900 Cummings Center
Suite 210(U)
Beverly, MA 01915
P- 978-232-4257
Email- sdullea@ddsklaw.com

CERTIFICATE OF SERVICE

I certify that a copy of the above has been served on all parties via ECF system.

*D. Scott Dullea*